```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

DAVID GROSS,

        Plaintiff,
v.                         Case No. 8:17-cv-2885-T-33AEP

THE ANNEXY GROUP, LLC and MARY
ANNEXY,
        Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to Defendants The Annexy Group, LLC and Mary Annexy's Motion to Dismiss (Doc. # 11), which was filed on January 3, 2018. Plaintiff David Gross filed a Response in Opposition to the Motion on January 5, 2018. (Doc. # 16). For the reasons stated below, the Court denies the Defendants' Motion without prejudice.

**I.**   **<u>Background</u>**

On December 1, 2017, Gross filed a Verified Complaint against the Annexy Defendants seeking unpaid wages and other damages under the Fair Labor Standards Act. (Doc. # 1). He claims to have worked for the Annexy Defendants as a laborer from August 8, 2017, to October 10, 2017, in Pinellas County, Florida. (<u>Id.</u> at ¶¶ 4, 16-17). The Annexy Defendants paid Gross $25.00 per hour, but he claims that "no provisions were made by Defendants to properly pay Plaintiff for all hours worked during his employment." (<u>Id.</u> at ¶ 13).

In order to demonstrate FLSA coverage, an employee must show "individual coverage" -- "that they were engaged in commerce or in the production of goods for commerce," or "enterprise coverage" -- that the defendant employer is an enterprise engaged in commerce. See 29 U.S.C. § 207(a)(1). In this case, Gross's Complaint alleges both individual coverage and enterprise coverage. As to individual coverage, Gross alleges: "Plaintiff, in his capacity as an employee, was individually covered by the FLSA;" "routinely used the instrumentalities of commerce in the course and scope of his duties for both Defendants;" and "used the instrumentalities of commerce, such as phones, email, highways and by-ways and made purchases for products to be used by Defendants via a credit card." (Id. at ¶¶ 11-12, 17).

Gross also claims FLSA enterprise coverage. To this end, the Complaint alleges:

> Defendant the Annexy Group, LLC, conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendants' customers) which do not originate from Florida and which is extensively engaged in real property transactions, including rentals and renovations. Upon information and belief, Defendant The Annexy Group, grosses far in excess of $500,000.00 in annual revenue at all times material to this case, including the 36 months prior to October 10, 2017.
> . . . .
> At all material times relevant to this action,

2

> Defendant The Annexy Group, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and Defendant Mary Annexy is also covered under the FLSA as Defendant Mary Annexy, also supervised, controlled and directed the terms of Plaintiff's employment.

(Id. at ¶¶ 7, 10).

In response to the Complaint, the Annexy Defendants filed a Motion seeking dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

## II. **Analysis of Rule 12(b)(1) and Rule 56 Considerations**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a case when the Court lacks subject-matter jurisdiction. Such a motion may launch a factual attack or a facial attack. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003). When the attack is factual, the Court may review documents external to the Complaint in conducting its jurisdictional analysis. Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229-33 (11th Cir. 2008).

The Court will review the motion as a motion for summary judgment under Rule 56 because the Court may not review the motion under Rule 12(b)(1). In Turcios v. Delicias Hispanas

Corp., a FLSA case involving a factual attack on jurisdiction, the court held that the Rule 56 standard, and not the Rule 12(b)(1) standard, must be used when dealing with a jurisdictional matter that is "intertwined with the merits of the cause of action." 275 F. App'x 879, 880 (11th Cir. 2008).

This occurs when "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. at 881. In Turcios, the court noted that in addressing FLSA jurisdiction, "the same operative fact determines whether the plaintiff can recover under the statute and the scope of the statute's coverage." Id. In Turcios, the district court granted a defendant's Rule 12(b)(1) motion to dismiss in which the defendant asserted that the plaintiff, a restaurant worker, could not establish the required jurisdictional facts necessary to satisfy the FLSA. The Eleventh Circuit reversed and remanded, calling for Rule 56 summary judgment analysis, rather than Rule 12(b)(1) analysis.

The court cautioned that "the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*." Id. at 880 (emphasis in original). Here, as in Turcios, the jurisdictional requirements are so inextricably

4

intertwined with the merits of Plaintiff's case that to engage in a Rule 12(b)(1) analysis at this stage of the proceedings would be inappropriate.[1]  And, all of Defendants' Rule 12(b)(6) arguments are essentially jurisdictional arguments. For instance, the Annexy Defendants argue: "plaintiff fails to state a cause of action for individual coverage and the complaint should be dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a cause of action." (Doc. # 11 at 5). While <u>Turcios</u> calls for summary judgment analysis, summary judgment under Rule 56 is not appropriate at this juncture.  This case is in its infancy and the Court stayed traditional discovery in connection with its FLSA Scheduling Order.  The Eleventh Circuit has instructed that "summary judgment may only be decided upon an adequate record." <u>WSB-TV v. Lee</u>, 842 F.2d 1266, 1269 (11th Cir. 1988).

---

[1] Both the overtime and minimum wage provisions of the FLSA require that the plaintiff provide either that the plaintiff was engaged in commerce or employed by an enterprise engaged in commerce. 29 U.S.C. §§ 206, 207.

A court must look to the definition section of the statute to determine the scope of coverage under the FLSA. See 29 U.S.C. § 203. "Enterprise engaged in commerce" is a defined phrase in Section 203(s)(1)(A). Therefore, the sections that provide for substantive relief under the FLSA, § 206 and § 207, are dependent on the section of the FLSA, § 203, that defines the scope of the FLSA.

5

The Court denies the Motion to Dismiss because it is aimed at deflecting FLSA coverage. See <u>Sanchez v. A & A Perez Trucking, Inc.</u>, No. 16-cv-81740, 2017 WL 529302 (S.D. Fla. Feb. 8, 2017)(denying motion to dismiss FLSA complaint because the arguments were aimed at FLSA coverage and declining to conduct summary judgment on an undeveloped record). The Annexy Defendants may reassert their arguments at a later time in these proceedings via an appropriate motion. The Court recognizes that the Annexy Defendants request the opportunity to conduct jurisdictional discovery. (Doc. # 11 at 7). If the parties reach an impasse at the mediation scheduled for February 23, 2018, the Court will issue a Case Management and Scheduling Order providing an appropriate window for discovery and then dispositive motions.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants The Annexy Group, LLC and Mary Annexy's Motion to Dismiss (Doc. # 11) is **DENIED** without prejudice.

(2) Defendants may reassert their arguments at a later time in these proceedings via an appropriate motion.

(3) Defendants are directed to file an Answer to the Complaint within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

<u>12th</u> day of February, 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE